IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSICA KAY MCGINNIS, and FRANK MCGINNIS, ) ) ) | |
| Plaintiffs, ) ) | Case No. 13–cv–0208–MJR–DGW |
| vs. ) ) | |
| CHRISTIAN SOC. SERVS. OF ILLINOIS, ) ) | |
| Defendant. ) ) | |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

On March 1, 2013, United States Magistrate Judge Donald Wilkerson granted a motion to dismiss in civil case No. 13–cv–0103–DGW, in which *pro se* Plaintiffs Jessica Kay and Frank McGinnis had sued state court judge James Campanella regarding a case in which Judge Campanella made an unfavorable child custody decision against Plaintiffs. That same day, Plaintiffs filed the instant suit, making allegations pursuant to 42 U.S.C. §§ 1985–86, 18 U.S.C. §§ 241–42, 42 U.S.C. § 14141, and claims of perjury, fraud upon the court, consipiracy, "constitutional freedoms" and "civil rights." Plaintiffs seek injunctive relief so that their eight children are returned to them, plus $12 million in compensatory damages and $12 million in punitive damages.

According to the docket, Michelle Bradley (Regional Director for Defendant Christian Social Services) was served on March 6, 2013. Summons was returned executed (though Bradley claims she was not served with a copy of both the summons and the complaint), and on March 28—after the period for Defendant to answer Plaintiffs' Complaint had lapsed—Plaintiffs moved for (and were granted) Clerk's Entry of Default.

1

The matter comes before the Court on two motions.  On April 4, 2013, Plaintiffs moved for Default Judgment.  Less than a week later, Defendant appeared and filed a Motion to Set Aside Clerk's Entry of Default.  The Court takes the motions in turn.

1.   **Motion for Default Judgment — Denied**

In this District, any motion for default judgment "shall contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default judgment is sought."  **SDIL–LR 55.1(b).**  Plaintiffs included no such statement.  Accordingly, their Motion for Default Judgment (**Doc. 7**) is **DENIED**.

2.   **Motion to Set Aside Default — Granted**

An entry of default may be set aside "for good cause."  **FED. R. CIV. P. 55(c).**  In the Seventh Circuit, vacating an entry of default requires (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.  *Cracco v. Vitran Express, Inc.*, **559 F.3d 625, 630 (7th Cir. 2009).**  Though the same test applies for motions seeking relief from a default judgment, it is more liberally applied when a party only seeks relief from an entry of default. *Id.* **at 631.**  Rule 55(c) requires good cause for the judicial action, not good cause for the defendant's error; "good cause" is not a synonym for excusable neglect.  *Sims v. EGA Prods.*, **475 F.3d 865, 868 (7th Cir. 2007).**  The Seventh Circuit has long articulated a policy of favoring trial on the merits over default judgment.  *Cracco*, **559 F.3d at 630 (citing** *Sun v. Bd. of Trs. of the Univ. of Ill.*, **473 F.3d 799, 810 (7th Cir. 2007) (citing** *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, **726 F.2d 1202, 1205 (7th Cir. 1984) (collecting cases))).**

Here, good cause exists to set aside the entry of default.  Default should only stand where there is a "willful failure" to answer a complaint, *Cracco*, **559 F.3d at 631**, and it is clear from Defendant's motion that any delay in answering Plaintiffs' complaint resulted either from Michelle Bradley's mistake regarding the consequences of service, or fromthe process server's failure to

2

include summons with the Complaint.  Defendant took quick action to correct the entry of default—its Motion to Set Aside Default was filed only eight days after the Clerk entered default. And, without comment on the eventual outcome of this case, it does appear that Defendant has colorable, potentially meritorious defenses against Plaintiffs' allegations.  The merits of this case should be reached.  *See Sun v. Bd. of Trs. of the Univ. of Ill.*, **473 F.3d at 810.**  Defendant's Motion to Set Aside Default (**Doc. 11**) is accordingly **GRANTED**.

Defendant shall file its responsive pleading, or otherwise respond to Plaintiffs' Complaint, on or before August 22, 2013.

**IT IS SO ORDERED.**

DATE: <u>August 1, 2013</u>                    s/ *Michael J. Reagan*
                                              **MICHAEL J. REAGAN**
                                              United States District Judge